# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY, | |
| Plaintiff, | Civ. A. No. 18-5106-BRM-DEA |
| v. | **MEMORANDUM OPINION** |
| CURTIS BLUNT, | |
| Defendant. | |

Before this Court is *pro se* Defendant Curtis Blunt ("Defendant") notice of removal seeking to remove his New Jersey state criminal prosecution to this Court. (ECF No. 1.) The Court, having reviewed Defendant's papers submitted in connection with his notice of removal, for the reasons set forth below and good cause appearing, **REMANDS** the matter to the Middlesex County Superior Court.

Defendant argues his criminal prosecution in Middlesex County Superior Court is "to[o] complex for the State Court to adequately address, whereby the matter of [his] petition does center around the proper amount of jail credit(s) that should have been applied, and the sentence that was imposed upon [him] outside of one that could be applied." (*Id.* at 1.) It appears he further argues he has received ineffective assistance of counsel and that the state court "refuses to expeditiously resolve the matter of correcting this illegal sentence." (*Id.* at 2, 4.)

Criminal prosecutions may be removed from the state courts to federal court only under limited circumstances, such as where the criminal defendant was acting as an officer of the United States or is being denied equal protection by the state courts. *See*, *e.g.*, 28 U.S.C. §§ 1443, 1455; *In re Piskanin*, 408 F. App'x 563, 564-65 (3d Cir. 2010); *see also Pennsylvania v. Brown-Bey*, 637

F. App'x 686, 688-89 (3d Cir. 2016). Even where those limited circumstances exist, the notice of removal or request to remove must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier" unless Plaintiff can show good cause for his failure to file within time. 28 U.S.C. § 1455(b)(1).

Because there is no indication Defendant is a government officer,[1] the Court presumes he is seeking removal pursuant to 28 U.S.C. § 1443(1).[2] An individual seeking removal of a state criminal case to federal court under § 1443(1) must satisfy a two-part test: he must allege a denial of his rights on account of race, and he cannot enforce his federal rights in state court. *Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010) (citing *Johnson v. Miss.*, 421 U.S. 213, 219–20 (1975)). "[R]emoval is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotations omitted). Furthermore, "[t]he allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1)." *Brown-Bey*, 637 F. App'x at 688.

Here, Plaintiff has failed to set forth any valid basis for the transfer or removal of his criminal case to this Court. He makes no allegations whatsoever of racial motivation in the denial of his rights. Instead, he appears to simply challenge the correctness of the state court's

---

[1] *See* 28 U.S.C. §§ 1442; 1443(2).

[2] Defendant references 28 U.S.C. § 1446 in his Notice of Removal, however that statute relates to the removal of civil actions.

determination regarding his sentence calculation; the length of the sentence imposed; and the adequacy of his counsel. None of these satisfy the requirements of § 1443(1).

Plaintiff has presented no valid grounds for removal, and summary remand is appropriate pursuant to 28 U.S.C. § 1455(4).[3] Therefore, Plaintiff's case must be remanded to the Superior Court from which it was improperly removed. An appropriate order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes this Notice of Removal may be untimely, as the attachments to the Notice suggest Plaintiff was arraigned more than 30 days prior to its filing. *See* 28 U.S.C. § 1455(b)(1).